# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MICHELLE MITCHELL,

        Plaintiff,

v.                                                                                                                                              No. 18-cv-136-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits under Title II or Title XIV of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383c. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 17), filed July 13, 2018, the Commissioner's response in opposition (Doc. 18), filed September 7, 2018, and Plaintiff's reply (Doc. 21), filed October 18, 2018. Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion should be granted in part.

## I. PROCEDURAL BACKGROUND

On June 22, 2012, Plaintiff filed applications for Social Security and Supplemental Security Income disability benefits, alleging that she had been disabled from August 30, 2011 through January 1, 2016, due to Multiple Sclerosis; numbness in arms and legs; balance, coordination, and focus problems; and memory loss. (AR 300). On November 7, 2012, it was

determined that Plaintiff was not disabled and her claim was denied. (AR 166). This determination was affirmed on July 09, 2013 (AR 177), and a subsequent hearing before an administrative law judge ("ALJ"), held on August 4, 2014, again ended in a denial. (AR 55-75). The ALJ's decision became final when, on January 20, 2015, the Appeals Council denied Plaintiff's request for review. (AR 2). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5). Plaintiff challenged the ALJ's decision in the United States District Court for the District of New Mexico and, on May 10, 2016, Judge Garza remanded the matter for further proceedings. (AR 867-80).

Per the Court's order, Plaintiff was granted a second hearing. (AR 883). In the decision that followed, ALJ Ann Farris engaged in the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 30, 2011 through January 1, 2016.[2] (AR 762). At step two, the ALJ found that Plaintiff has the severe impairments of Multiple Sclerosis, depression, and scoliosis. (*Id.*). ALJ Farris also found that Plaintiff has the non-severe impairments of a history of gallbladder disease, irritable bowel syndrome, urinary incontinence, obesity, and marijuana dependence. (AR 763). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (*Id.*).

ALJ Farris next assessed Plaintiff's Residual Functional Capacity ("RFC"),[3] finding that, from August 30, 2011 to January 1, 2016, Plaintiff had the RFC to:

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2017. (AR 762).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she was limited to work that did not require her to balance, did not involve more than brief exposure to heat, involved simple work related decisions with few workplace changes, involved occasional superficial interaction with coworkers, and did not involve work at production pace such as an assembly job or performing tandem tasks.

(AR 765). The ALJ then proceeded to steps four and five where, with the help of a vocational expert ("VE"), she determined that Plaintiff could not perform her past relevant work but she could perform the requirements of representative occupations such as charge account clerk, call out operator, and telephone quotation clerk. (771-72).

Plaintiff did not file written exceptions with the Appeals Council and the Council did not assume jurisdiction of Plaintiff's claim within sixty days of the ALJ's decision. Accordingly, the ALJ's decision is the final decision of the Commissioner. *See* 20 C.F.R. § 404.984(d). Plaintiff now asks this Court to reverse and remand the Commissioner's determination.

## II. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is

grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### III. ANALYSIS

Plaintiff offers two arguments in support of her request for reversal and remand, viz., that ALJ Farris failed to properly consider opinion evidence provided by Plaintiff's treating counselor, LPCC Marty Rasmussen, and that she failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). After carefully reviewing the administrative record, the Court finds that Plaintiff's first argument is without merit. However, the Court agrees that the ALJ failed to reconcile the VE's testimony with the DOT and it will reverse in part on this ground.

**Evidence Provided by LPCC Rasmussen**

In the unfavorable decision underlying the case at bar, ALJ Farris reviewed the evidence of record and assigned weight to the various opinions therein contained. As is relevant here, in 2014, LPCC Rasmussen completed a Medical Source Statement: Mental Limitations, wherein he opined that Plaintiff was severely limited in a multitude of areas. (AR 505-510). When asked to describe his clinical findings, LPCC Rasmussen listed Plaintiff's symptoms. (AR 505).

In 2015, LPCC Rasmussen completed a Medical Assessment of [Plaintiff's ] Ability to do Work-Related Activities (Mental), noting that Plaintiff has marked limitations in her ability to understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration; perform work in coordination with/or proximity to others; complete a normal workday and workweek; accept instructions and respond appropriately to criticism from

supervisors; and set realistic goals or make plans independently of others. (1064-65). LPCC Rasmussen further found that Plaintiff was moderately limited in areas such as her ability to understand and carry out very short and simple instructions; perform activities within a schedule and maintain regular, punctual attendance; sustain an ordinary routine without special supervision; make simple work-related decisions; interact appropriately with the general public; ask simple questions or request assistance; get along with coworkers or peers; respond appropriately to changes in the work place; be aware of normal hazards; and travel in unfamiliar places or use public transportation. (*Id.*). LPCC Rasmussen supported his findings by stating that the limitations were based upon Plaintiff's statements. (*Id.*).

ALJ Farris gave the counselor's opinions "little weight" on the grounds that, inter alia, LPCC Rasmussen (1) is not an acceptable medical source; (2) did not prescribe medication to Plaintiff; (3) had only been treating Plaintiff for four months prior to completing the first assessment; (4) based his opinion on Plaintiff's self-reporting rather than medical findings; and (5) offered opinions inconsistent with his own treatment notes as well as evidence provided by Plaintiff's primary care physician. (AR 770). Plaintiff argues, in sum, that ALJ Farris failed to provide "any legitimate reasons for rejecting LPCC Rasmussen's opinions." (Doc. 17, p. 17).

As an LPCC, Mr. Rasmussen is not an "acceptable medical source." 20 C.F.R. § 404.1502(a). Even so, opinions from "medical sources, who are not technically deemed 'acceptable medical sources'… are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03P, 2006 WL 2329939, at *3 (August 9, 2006).[4]

---

[4] Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263 effective for cases filed on or after March 27, 2017.

As with all opinion evidence, in determining what weight to give to an "other source" opinion, the ALJ evaluates several factors including, but not limited to, the nature of the treatment relationship and the supportability and consistency of the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). However, "not every factor…will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source…depends on the particular facts in each case." 20 C.F.R. § 404.1527(f)(1). "[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-03p, 2006 WL 2329939, at *6.

In the case at bar, the record indicates that ALJ Farris properly considered the opinion evidence in question. She noted the length of the treating relationship at the time of the first opinion, as well as the consistency and supportability of LPCC Rasmussen's opinions. These explanations not only accord with SSR 06-03p, but they also demonstrate that ALJ Farris considered the factors found in 20 C.F.R. § 404.1527(c).

**Vocational Expert Testimony**

With her second argument, Plaintiff attacks the ALJ's determination that she is capable of performing representative occupations such as charge account clerk, call out operator, and telephone quotation clerk. The parties agree that all of the identified occupations require a specific vocational preparation ("SVP") level of two and a reasoning level of three. Plaintiff, however, argues that level three reasoning is inconsistent with her limitation to simple work-related decisions with few workplace changes. The Commissioner challenges this contention by arguing that Plaintiff's work prior to, during, and following the disability period in question

required SVP and reasoning levels of three and, therefore, Plaintiff should be capable of "performing work with identical educational and training requirements" during her period of alleged disability. (Doc. 18, p. 19). The Court is not swayed by the Commissioner's argument. While a claimant's education and work history may play a role in determining whether or not the claimant is deemed disabled, the issue at hand questions whether the VE's testimony is compatible with Plaintiff's RFC. Unfortunately, the ALJ's decision leaves this inquiry unanswered.

In *Hackett v. Barnhart*, the Tenth Circuit found an "apparent conflict" between jobs requiring level three reasoning and a claimant who is limited to simple and routine tasks. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). The Court remanded the case to the Commissioner with a directive to reconcile the seemingly inconsistent findings. Our case is on par with *Hackett* as ALJ Farris limited Plaintiff to simple, consistent work yet, at step five, concluded that she was capable of performing occupations which require a reasoning level of three. Moreover, the ALJ explicitly stated that the limitation to simple work was due to Plaintiff's symptoms of "memory loss, confusion, and fatigue" (AR 768). This leaves the Court unable to reconcile the ALJ's RFC assessment with her step five determination.

It is worth noting that the Court is not finding that a limitation to simple work is ipso facto inconsistent with occupations requiring a reasoning level of three. Rather, absent a discussion which addresses the "apparent conflict" between the two, the Court cannot conclude that the ALJ's decision is supported by substantial evidence.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 17) is hereby **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**